IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr327-MHT |
| | ) | (WO) |
| CODY MOBLEY | ) | |

OPINION AND ORDER

This cause is before the court on defendant Cody Mobley's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for December 3, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7) to February 4, 2019.

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

> defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Mobley in a speedy trial. In September 2018, Mobley was charged in a superseding indictment with offenses that carry especially severe mandatory minimum sentences; defense counsel represents

2

that the mandatory-minimum sentence could be as much as 40 or 50 years. While preparing for the December 3 trial, defense counsel belatedly discovered non-frivolous grounds to move to suppress the evidence supporting these charges. Mobley's counsel needs additional time to prepare effectively by litigating this motion to suppress. While defense counsel missed the court's initial deadline for filing this motion, the court does not this attribute this delay to a lack of diligence; instead, the failure to file a motion before the deadline appears to be the result of an inadvertent oversight. There is no indication that defense counsel has been sitting on his hands in the case: defense counsel reportedly had hundreds of pages of discovery to review and has engaged in significant work on this complex case over the time it has been pending, not just in the recent run-up to trial. The government does not oppose a continuance. Furthermore, should Mobley be denied the opportunity to pursue the suppression issue and be convicted, he surely would raise the issue in

post-conviction litigation.  Therefore, it is in the interest of the judicial efficiency and the public that the suppression issue be addressed now.  Finally, should the suppression motion be meritorious, denying Mobley the opportunity to seek suppression of the evidence would result in a serious miscarriage of justice.

In sum, the court concludes that a continuance is warranted to enable Mobley to prepare effectively by litigating the suppression motion.

\*\*\*


Accordingly, it is ORDERED as follows:

(1) Defendant Cody Mobley's motion to continue (doc. no. 42) is granted.

(2) The jury selection and trial, now set for December 3, 2018, are continued to February 4, 2019, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street,

Montgomery, Alabama.

DONE, this the 20th day of November, 2018.

                                          /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**