IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr327-MHT |
| | ) | (WO) |
| CODY EUGENE MOBLEY | ) | |

OPINION AND ORDER

This cause is before the court on defendant Cody Eugene Mobley's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for February 4, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7) to March 11, 2019.

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Mobley in a speedy trial. In September 2018, Mobley was charged in a superseding

indictment with firearms-related offenses that carry especially severe mandatory minimum sentences; defense counsel represents that the mandatory-minimum sentence is 45 years.  Defense counsel further represents that additional time is needed for expert testing of a silencer and firearm.  Both defense counsel and the government represent that the silencer must remain within the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives, which presents logistical obstacles to testing.  The expert testing appears critical to the defense, and defense counsel should be given sufficient time to complete the evaluation.  Furthermore, denial of sufficient time for the evaluation could cause a miscarriage of justice, and the government does not oppose a continuance.  For these reasons, the court concludes that a continuance is warranted to enable Mobley to prepare effectively for trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Cody Eugene Mobley's motion to continue (doc. no. 67) is granted.

(2) The jury selection and trial, now set for February 4, 2019, are continued to March 11, 2019, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of January, 2019.

                                      /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**