IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr327-MHT |
| | ) | (WO) |
| CODY EUGENE MOBLEY | ) | |

OPINION

Previously, the court sentenced defendant Cody Eugene Mobley to 40 years and one day in prison, including a mandatory minimum 30 years for possession of a firearm silencer in furtherance of a controlled substance crime (18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii)). The court stated its view that the sentence imposed was unreasonable and unjust. This opinion explains why in more detail.

A.

Mobley was convicted by a jury of all five counts in a five-count superseding indictment: (1) possession with intent to distribute 50 grams or more of methamphetamine (21 U.S.C. § 841(a)(1) and (b)(1)(A)); (2) possession of

a firearm equipped with a firearm silencer in furtherance of a controlled substance crime (18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii)); (3) possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1) and 924(a)(2)); and (4) and (5) possession of an unregistered National Firearms Act firearm (26 U.S.C. § 5861(d) and 5871). Additionally, he pled guilty to one count of possession of contraband in prison (18 U.S.C. § 1781(a)(2) and (d)(1)(D)), stemming from a separate indictment.

The court sentenced Mobley to 480 months of imprisonment--120 months (10 years) each on counts one, three, four, and five to be served concurrently, and 260 months (30 years) on count two, to be served consecutively to all other counts. He received one additional day on the separate indictment. While the court rejected Mobley's argument that the 30-year mandatory consecutive sentence for possession of the firearm silencer in furtherance of a controlled substances crime (18 U.S.C. § 924(c)(1)(B)(ii)) was unconstitutional, it found that the 30-year sentence was

still much greater than necessary to accomplish the factors prescribed by 18 U.S.C. § 3553(a).

B.

At sentencing, defense counsel argued that the 30-year sentence for the silencer offense violates the Eighth Amendment because it is "grossly disproportionate" to Mobley's conduct. "The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (internal citation and quotation marks omitted). However, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980) (upholding life sentence under recidivist statute for a three-time offender convicted successively of "fraudulent use of a credit card to obtain $ 80 worth of goods or services," "passing a forged check in the amount of $ 28.36," and

felony theft of $ 120.75 by false pretenses); see also *Harmelin v. Michigan*, 501 U.S. 957 (1991) (upholding a sentence of life without parole for possession of 672 grams of cocaine); *Hutto v. Davis*, 454 U.S. 370 (1982) (upholding 40-year sentence for possession and distribution of nine ounces of marijuana).

Thus, based on this binding Supreme Court precedent, this court is compelled to conclude that Mobley's 30-year sentence is not so disproportionate to the severity of his crime that it may be considered "cruel and unusual."

C.

Nonetheless, the legal conclusion that a sentence is not unconstitutional does not mean that it is just and fair. The 30-year consecutive mandatory-minimum for the silencer offense is overreaching and, in this case, produced an outrageous result. While the rationale behind the lengthy penalty is not clearly documented, the legislative history reveals the concern that silencers are "used in assassinations and contract murders ... ."

4

H.R. Rep. No. 99-495, at 4 (1986). The Second Circuit Court of Appeals, in its rejection of an Eighth Amendment challenge to this penalty, described the purpose of a silencer as allowing the user "to kill without warning, commotion or detection." *United States v. Santos*, 64 F.3d 41, 46 (2d Cir. 1995), *vacated on other grounds*, 516 U.S. 1156 (1996). While such use of a silencer may justify a harsh penalty, the statutory provision mandating the penalty, § 924(c)(1)(B)(ii), fails to distinguish between the hired killer and a convicted felon who may illegally possess a silencer for other reasons. In fact, silencers may be owned and used legally in the State of Alabama for hunting purposes. *See* David Rainer, *Suppressor use expected to be minimal*, Alabama Department of Conservation and Natural Resources Advisory Board, https://www.outdooralabama.com/node/1475. In short, there is no calibration of penalty for the possibly different reasons for illegal possession.

In Mobley's case, law enforcement found the silencer that triggered the mandatory sentence in an unoccupied

vehicle. There have been no allegations that Mobley actually used the silencer or engaged in violence of any kind--let alone that he had ever acted, or intended to act, as a hired killer. A review of his criminal record reveals primarily gun possession and drug-related offenses. Furthermore, there are relevant mitigating factors in this case that the court must consider under 18 U.S.C. § 3553(a)(1), including Mobley's extensive history of mental-health problems and drug addiction. Mobley, a 30-year-old father of three children, suffers from severe depression and addiction to methamphetamine. Since he was a teenager, he has used drugs to self-medicate and has failed to participate in treatment due, in part, to the severity of his symptoms.

Despite these mitigating factors and the specific allegations in this case, the court had no choice but to impose a *de facto* life sentence--Mobley will be over 60 years old when he is released from prison. As defense counsel noted at the sentencing hearing, Mobley's 30-year sentence is the same sentence mandated where a defendant

is convicted of raping a child under 12 years old (18 U.S.C. § 2241(c)), or selling or purchasing a child for sexual exploitation (§ 2251A(a) and (b)). Mobley's conduct is not at all comparable with such crimes and to treat it equally is unreasonable, even if constitutional.

To put things another way, this court at sentencing could not in good faith say that the sentence it imposed was fair and just. Under 18 U.S.C. § 3553(a), a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the ... need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; ... to afford adequate deterrence to criminal conduct; ... to protect the public from further crimes of the defendant; and ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner...." 18 U.S.C. § 3553(a) & (a)(2). Section 3553(a) further requires that a "court, in determining the particular sentence to be imposed,

shall consider ... the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a) & (a)(1).

Mobley's sentence was far, far "greater than necessary ... to reflect the seriousness of the offense, to promote respect for the law, ... to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct," 18 U.S.C. §§ 3553(a), (a)(2)(A), & (a)(2)(B); or to serve any of the other purposes or to reflect any of the other factors set forth in § 3553(a) and listed above.

DONE, this the 8th day of October, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**